Okey, J.
Language has sometimes been employed from which it might be inferred that the contract of a surety is to be construed as strictly as a statute highly penal, or one providing for a forfeiture. That such a view is erroneous admits of no doubt. Suit may be maintained against a surety, when his liability is shown to be within the terms of his agreement; and the contract must be construed in connection with the statutes, if any, relating to the same matter. Here, the statute authorized the court to make Smith a party to the action. Justices’ Code, secs. 56, 115; Civil Code, sec. 137. He was made a party.on motion of the appellant. Making a new party could not harm, but might relieve the surety for the appeal. "Why does not the case made in the petition show the liability of Whittier, within the strict rule on the subject ?
There is no analogy between this case and one in which a surety has guaranteed the performance of a duty, or the payment of money, by a firm, and the firm has been changed before default is made. There, ordinarily, without assent of the surety, the default is not within the guaranty, even if the firm name remains unchanged, but here the default is in legal effect, as well as in terms, embraced by the undertaking. The liability of the surety is neither more nor less, nor different, bjr reason of the rendition of the judgment against Smith. While it is true that he did not agree to answer for the default of Smith, it is also true there is no attempt to charge him for Smith’s default. He agreed *477 to answer for the default of Ward, and there is no attempt to charge him for the default of any other person.
Long v. Pike, 27 Ohio St. 498, is said to be, in principle, like this case. Whether this court would be willing to follow that decision, I am not prepared to say. We do not think it is in conflict with our conclusion here, which is to order the
Motion granted, judgment reversed, demurrer overruled, and cause remanded for further proceedings.